UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEHP ROSALES-ZUNIGA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-05449-PD<br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br>**A# 241-332-836** |

Josehp Rosales-Zuniga ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking a bond hearing or immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition, Respondents' response, and Petitioner's reply. Dkt. Nos. 8, 9.

## I. Background

The Court incorporates by reference the allegations set forth in the Petition and attached exhibits. Dkt. No. 1.

## II. Discussion

The Petition raises the following claims: (1) Petitioner's re-detention without pre-deprivation notice or an individualized determination violated procedural due process; (2) his detention violates 8 U.S.C. § 1226(a); and (3) alternatively, if the Court decides that release is not appropriate, Petitioner should be provided a bond hearing under 8 U.S.C. § 1226(a).

Respondents oppose immediate release as well as any relief that requires a pre-deprivation hearing on the ground that Immigration Judges do not have the authority to preside over such proceedings. Dkt. No. 8 at 2. Respondents argue that Petitioner appears entitled to request and receive a bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) because he is in removal proceedings; to the extent he has not requested such a bond hearing, he has not exhausted his available administrative remedies. Respondents also state, in a single sentence, that "Petitioner's recent arrest constitutes changed circumstances warranting detention." *Id.* at 3 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787 (9th Cir. 2021)). Respondents provide no exhibits or further argument explaining why the facts of this case constitute changed circumstances.

For the reasons set forth below, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated procedural due process.

### A. Procedural Due Process

The re-detention, without notice or a pre-deprivation hearing, of a noncitizen who was released on conditions shortly after entering into the United States and then fully complied with those conditions, can constitute a violation of the right to due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into

the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for over three years—since July 17, 2023, when he presented himself to immigration authorities in Texas. At that time, he was a sixteen-year-old unaccompanied minor and was placed into the custody of the Office of Refugee Resettlement ("ORR"). Petition ¶¶ 20–21. On August 11, 2023, ORR released Petitioner into the care of his father in Ventura, California. Thereafter, Petitioner resided in the community with his father at an address known to the federal government. In 2024, Petitioner filed an asylum application, which is currently pending; he is scheduled for an individual merits hearing on October 9, 2026. *Id.* ¶ 29.

Petitioner was re-detained by Respondents on April 2, 2026, following an arrest by local authorities. Petitioner has no other criminal history.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"). *See also Santiago-Marcas v. Warden, Mesa Verde Det. Ctr.*, No. 1:26-cv-05283 (EJD), 2026 WL 2049840 at *1 (E.D. Cal. July 15, 2026) (finding that unaccompanied minor who was released by ORR and then re-detained after living with his family for four years had a "clear liberty interest in his continued release"); *Palma-Grande v. Warden, Cent. Valley Annex*, No. 1:26-cv-04050-NW, 2026 WL 1656112 at *2 (E.D. Cal. June 8, 2026) ("Numerous courts have found that where an unaccompanied minor is released by the ORR to a sponsor, he

obtains a liberty interest in his continued freedom, even after reaching adulthood.") (collecting cases).

### 2. Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Here, neither party presents evidence that Petitioner has been afforded a bond hearing.

In evaluating the risk of erroneous deprivation, the Court considers Petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner's release from ORR custody was premised on the government's determination that he did not present a danger or flight risk. *See* 8 U.S.C. § 1232(c)(2)(A) ("[A]n unaccompanied alien child in the custody of the Secretary of Health and Human Services shall be promptly placed in the least restrictive setting that is in the best interest of the child. In making

such placements, the Secretary may consider danger to self, danger to the community, and risk of flight."); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1177 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) ("[T]he minor's placement with the sponsor reflects a determination by the federal government that the minor is neither dangerous nor a flight risk (and that such a placement is in the child's best interest).")

Petitioner has one criminal matter on his record. According to the Ventura Police Department narrative available to Petitioner's counsel, on March 31, 2026, a patrol officer observed Petitioner riding an electric bicycle. He failed to stop at a stop sign and rode through at about twenty-five miles per hour, making no attempt to stop. Petitioner was riding against the direction of traffic and rode away from the officer after the officer activated his lights and siren. Petitioner eventually stopped, and he was detained. The officer reported that Petitioner stated that he fled after running the stop sign and seeing the patrol vehicle. He was booked into the Ventura County jail. Petition ¶¶ 31–32; *see* Dkt. No. 1-5 (Ventura Police Department Arrest Report). The matter proceeded in state court under California Penal Code § 148(a)(1), a misdemeanor.[1]

On April 2, 2026, the state court granted Petitioner judicial diversion under California Penal Code § 1001.90. Petitioner did not enter a guilty plea and no conviction was entered. *Id.* ¶ 35. According to Petitioner's attorney in his criminal matter (from the Ventura County Public Defender's Office), if Petitioner "has no contact with law enforcement and follows all laws, [his

---

[1] Section 148(a)(1) states that "[e]very person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 (commencing with Section 1797) of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment." Cal. Penal Code § 148(a)(1).

judicial diversion] will be completed on October 2, 2026, and the case will be dismissed." Dkt. No. 1-4. His attorney further states that

> [f]or a conviction to exist under immigration law, the defendant must plead guilty or nolo contendere before a judge, or the judge must find the person guilty. INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Thus, once [Petitioner] successfully completes the diversion program in lieu of a guilty plea or conviction, he will have no criminal conviction pertaining to this case, and no conviction for immigration purposes.

*Id.*

Petitioner has no other criminal record; no arrests, no charges, no convictions. Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") in April 2026 as he was being released from the Ventura courthouse. Petition ¶ 38. Petitioner was transferred to the Adelanto ICE Processing Center, where he remains detained. Petitioner was provided no notice or opportunity to be heard prior to being re-detained.

The Board of Immigration Appeals has recognized a limitation on the Government's authority to re-detain a noncitizen previously released, indicating that "no change should be made by [DHS] absent a change of circumstance." *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). Accordingly, "[i]n practice, the DHS re-arrests individuals only after a 'material' change in circumstances." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019).

While Respondents state that his arrest constitutes changed circumstances, they fail to engage with the facts of this case—namely, that Petitioner was granted judicial diversion by the state court and that if he follows all laws and has no contact with law enforcement by October 2, 2026, his case will be dismissed.[2] Further, Petitioner has no other criminal history

---

[2] Respondents also cited *Panosyan v. Mayorkas*, 854 F. App'x 787 (9th Cir. 2021) but provided no further explanation or argument. *Panosyan* is an unpublished

or convictions. As Petitioner observes in reply, Respondents' assertion regarding changed circumstances "is unsupported by any declaration, any custody record, or any evidence of any kind, and rests on an arrest that the state court resolved through judicial diversion without a guilty plea and without a conviction." Dkt. No. 9 at 3.

Based on the record, the Court concludes that since Petitioner was released from ORR custody in 2023, there have been no materially changed circumstances showing that Petitioner is now a flight risk or danger.

Therefore, on this record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose

---

memorandum decision which dismissed a habeas petition as moot after the petitioner was released on bond by an immigration judge and the government did not appeal the decision. *Id.* at 788. The Ninth Circuit concluded that ICE would not re-detain the petitioner because it did not appeal the bond decision and "absent changed circumstances . . . such as 'reinvolvement with the criminal justice system,' ICE cannot redetain [petitioner]." *Id.* (citing *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991)). However, Respondents do not explain how the facts of *Panosyan* are relevant to whether Petitioner's judicial diversion constituted a changed circumstance, especially since that is his only criminal matter and the completion of the diversion will result in the dismissal of his criminal case. *See* Cal. Penal Code § 1001.95(c) ("If the defendant has complied with the imposed terms and conditions, at the end of the period of diversion, the judge shall dismiss the action against the defendant.").

appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most 'minimal[.]'" *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Order

For the foregoing reasons, the Petition is GRANTED under Count One, and the remaining counts are dismissed without prejudice.

Petitioner Josehp Rosales-Zuniga (A# 241-332-836) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: September 30, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge